UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAHEED DAVIS                                                                                    PETITIONER

V.                                                              CIVIL ACTION NO. 3:15-CV-421-DPJ-FKB

STATE OF MISSISSIPPI                                                                          RESPONDENT

ORDER

This habeas petition is before the Court on the Report and Recommendation ("R&R") [14] of Magistrate Judge F. Keith Ball. Judge Ball recommended denying habeas relief and dismissing the petition. Petitioner Saheed Davis filed an Objection [18]; the State of Mississippi responded [20]; and Davis filed a Reply [21].[1] Having considered the parties' submissions and the applicable authority, the Court finds the Report and Recommendation should be adopted as the Court's opinion.

I.    Factual and Procedural Background

Saheed Davis was convicted in state court for murdering Maurice Warner.[2] During a family gathering on December 25, 2008, Davis and Warner engaged in a verbal and physical altercation. The men separated, heading toward their respective vehicles, and before Warner could open his car door, Davis retrieved a gun and shot him 10 times. R&R [14] at 2. At trial, Davis's sole defense was that he shot Warner in self-defense. *Id.* at 2–3. The jury convicted Davis of murder, and he was sentenced to life-imprisonment. *Id.* at 3. The Mississippi Court of

---

[1] While Federal Rule of Civil Procedure 72(b) does not contemplate the filing of a reply, the Court has nevertheless reviewed the filing.

[2] The facts underlying Davis's conviction are undisputed. Davis Obj. [18] at 1 (stating he does not object to Judge Ball's recitation of the facts).

Appeals affirmed the conviction and sentence, and the Mississippi Supreme Court denied Davis's application for post-conviction relief. *Id.*

Davis's federal petition raises three grounds for relief:

1. The district attorney should have recused himself due to a conflict of interest.

2. Defense counsel rendered ineffective assistance by agreeing not to introduce the victim's prior convictions and bad acts.

3. Defense counsel was ineffective because he failed to request a heat-of-passion manslaughter instruction.

*Id.* Judge Ball found ground one procedurally barred. *Id.* at 3–7. As to grounds two and three, he found the state court's adjudications were not contrary to, nor did they involve an unreasonable application of, clearly established Supreme Court law. *Id.* at 7–14. He likewise found the state's factual findings were not unreasonable. *Id.*

II. Grounds Two and Three

Working in reverse order, grounds two and three allege ineffective assistance of counsel. The Mississippi Supreme Court rejected both arguments on the merits. *See* State Ct. R. [6-1] at 25–35 (PCR Mot.) (explaining position as to grounds two and three); *id.* [6-1] at 38 (PCR Order) (holding the claims do not meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). These claims are therefore subject to a highly deferential standard of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). Applying this standard to an ineffective-assistance-of-counsel claim, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (noting that "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so" (internal quotations and citations omitted)).

A. Ground Two

In ground two, Davis says his attorney erred by reaching an agreement with the prosecution that neither would introduce evidence of Davis's or Warner's criminal histories. Davis believes he lost an opportunity to support his claim that Warner was the aggressor and gained nothing, because he did not testify. Judge Ball properly concluded that there was a "reasonable argument" that Davis's counsel made a strategic decision to enter the agreement because it was *possible* Davis might testify. *Id.*; *see* R&R [14] at 8–9 (noting Davis had not presented evidence that counsel knew at the time of the agreement that Davis would not testify).

In his Objection, Davis says if he had wanted to testify, "competent counsel would have and could have dissuaded him because it would open him up to exposure of his own far-less serious criminal past." Obj. [18] at 5. But this argument only reinforces that defense counsel—when faced with the unpredictability that his client may or may not testify—strategically chose to err on the side of caution and avoid the possibility that the jury could hear Davis's criminal history. There is a "reasonable argument" that counsel's conduct satisfied *Strickland*. *Harrington*, 562 U.S. 105; *see Strickland*, 466 U.S. at 690 (noting "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

B.    Ground Three

In ground three, Davis says his attorney erred in failing to request a heat-of-passion manslaughter jury instruction. Judge Ball concluded, and the undersigned agrees, that the given instructions adequately set out the requirements for heat-of-passion manslaughter. R&R [14] at 11–13 (noting the State's instruction S-7 "defined 'heat of passion' under Mississippi law and informed the jury that this state of mind would 'reduce a homicide from the grade of murder to that of manslaughter'" (quoting State Ct. R. [6-2] at 31 (State's Instruction S-7))).

In his Objection, Davis generally disagrees with Judge Ball and adds that "the point made in the Petition is that the facts, circumstances and law ought to be reviewed in an evidentiary hearing by this Court."Obj. [18] at 6. The limited circumstances justifying a hearing are set forth in § 2254(e)(2), and Davis has not shown that he can overcome this bar. The jury instructions are accurately reflected in the record and speak for themselves. Stated simply, there is nothing to be gained by holding a hearing on this ground; there is no factual dispute or credibility determination to be assessed. *See Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (noting "no hearing is required 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief'") (quoting *Schiro v. Landrigan*, 550 U.S. 465, 474 (2007)). The state court's rejection of the ineffective-assistance-of-counsel claim contained in ground three was objectively reasonable; habeas relief is denied. 28 U.S.C. § 2254(d).

III.     Ground One

Davis says Hinds County District Attorney Robert Schuler Smith should have recused himself because he previously represented Warner in a criminal matter, as well as Warner's brother.[3] Davis contends that this history created a conflict of interest. In support, Davis presented an affidavit from his former counsel, Robert Powell, stating that the district attorney's office refused to enter a plea agreement because Warner's family opposed it. Davis's trial counsel knew about the alleged conflict but took no action, and his appellate counsel did not raise the issue on appeal. R&R [14] at 6.

On post-conviction review, the Mississippi Supreme Court found this claim was procedurally barred, because "the issue could have been raised at trial and on direct appeal." State Ct. R. [6-1] at 38 (PCR Order) (citing Miss. Code. Ann. § 99-39-21). Judge Ball assumed for the sake of argument that ground one states a cognizable habeas claim but concluded that "it is nevertheless procedurally barred from review by this court." R&R [14] at 4.

The undersigned agrees; even assuming a constitutional violation occurred, Davis has not shown that he can overcome the procedural bar.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added). Davis challenges the procedural bar in three ways: (1) lack of an adequate state-procedural bar; (2) cause for the default; and (3) actual innocence.

---

[3] Assistant District Attorneys Shaun Yurtkuran and Lora Hunter prosecuted Davis. R&R [14] at 3.

A.     Adequate State-Procedural Bar

A state-procedural ground is adequate if it "is strictly or regularly applied evenhandedly to the vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995) (citing *Dugger v. Adamas*, 489 U.S. 401, 410 n.6 (1989); *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). Davis says the procedural bar he faces is not adequate because the Mississippi Supreme Court has twice considered conflict-of-interest arguments made during post-conviction proceedings. Judge Ball rejected this argument because: (1) Davis's cited cases address defense counsel who have conflicts of interest (not the prosecutor) and (2) "a showing that the state court disregarded a procedural rule in two cases is [ ] insufficient" to show the rule has not been regularly applied. R&R [14] at 5.

Looking to the second point, "'regularly' is not synonymous with 'always' and 'strictly' is not synonymous with 'unanimously.'" *Amos*, 61 F.3d at 342. When—as here—there have been "relatively few occasions" that a state court has disregarded a rule, it is "not sufficient to undercut the overall regularity and consistency" of its application. *Id.* at 345; *see Fratta v. Davis*, 889 F.3d 225, 231 (5th Cir. 2018) ("Though [the petitioner] points to a handful of cases over the last thirty years that raise claims similar or identical to his, those few exceptions . . . 'do[ ] not render the rule inadequate.'" (quoting *Amos*, 61 F.3d at 342) (alteration of *Amos* in original)); *Hogue v. Johnson*, 131 F.3d 466, 492 (5th Cir. 1997) (noting that a "single 1972 decision does not rise even to the level of 'the relatively few occasions' of disregard of the rule which *Amos* held were not sufficient to defeat the required regularity of application" (quoting *Amos*, 61 F.3d at 345)); *but see Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992) (noting the Court had "little trouble finding inconsistent application" where eight cases supported the finding).

Davis makes one additional point in his Objection that the Court will address. Davis points to an affidavit from his trial counsel, who states that other clients in similar circumstances have been offered manslaughter pleas by the district attorney's office. Obj. [18] at 3. To the extent Davis claims that the district attorney's office did not follow its custom or typical practices in handling his case, this is not evidence that the state procedural bar is inadequate. The question is whether the state appellate court regularly applies the bar, not how the prosecutor handles similar cases.

Ultimately, Davis "bears the burden of showing that the state did not strictly or regularly follow a procedural bar." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Because he fails to meet this burden, Davis must show either cause and actual prejudice or manifest injustice.

B.    Cause and Actual Prejudice

Next, in an attempt to establish cause for the default, Davis argues that his appellate counsel was ineffective in failing to raise the conflict-of-interest issue. Judge Ball rejected this argument, noting that Davis "has never raised and exhausted this allegation of attorney error as a separate ineffective assistance claim." R&R [14] at 6.

"Counsel's failure to preserve a claim in State court can constitute cause sufficient to overcome a procedural default." *Byrom v. Epps*, 817 F. Supp. 2d 868, 878–79 (N.D. Miss. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722 753–54 (1991)), *aff'd*, 518 F. App'x 243 (5th Cir. 2013). "However, a petitioner claiming ineffective assistance of counsel for the purpose of having the underlying substantive claim reviewed on its merits must ordinarily have presented the ineffective assistance of counsel claim independently in State court before it may be argued

7

as cause to excuse a procedural default." *Id.* (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). The rationale behind this rule was explained in *Murray v. Carrier*:

> [I]f a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," *Darr v. Burford*, 339 U.S. 200, 204, 70 S. Ct. 587, 590, 94 L. Ed. 761 (1950), and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

477 U.S. 478, 489 (1986).

Because Davis did not raise this ineffective-assistance-of-counsel claim in state court, he cannot rely on his attorney's inaction to show cause for the default. *See Edwards*, 529 U.S. at 451–52 ("[I]effective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* and independent constitutional claim" and the exhaustion doctrine requires "*that* constitutional claim, like others, to be first raised in state court."). And because Davis cannot show cause and prejudice, he must instead show a miscarriage of justice to overcome the procedural bar.

C. Miscarriage of Justice

Davis says that failure to review his claim will result in a miscarriage of justice because he is actually innocent of murder—though he admits he is guilty of manslaughter. Obj. [18] at 5. The Fifth Circuit summarized the fundamental-miscarriage-of-justice exception in *Reed v. Stephens*:

> [The Supreme Court in] *Schlup* held that, in "rare" and "extraordinary case[s]," a federal habeas petitioner may overcome a procedural default in state court by demonstrating a "fundamental miscarriage of justice." [*Schlup v. Belo*,] 513 U.S. [298,] 321, 115 S. Ct. 851 [(1995)]. A petitioner makes such a showing where he establishes that he is "actually innocent" of the offense for which he was

8

> convicted. *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (citing *Schlup*, 513 U.S. at 326–27, 115 S. Ct. 851). To do so, a petitioner must "establish through new and reliable evidence that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (internal quotation marks and citation omitted). This evidence may include "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

739 F.3d 753, 767 (5th Cir. 2014). Davis fails to meet this test for two reasons. First, he offers no new evidence. Second, he fails to show that no reasonable juror could find him guilty of murder—he shot his victim 10 times. Judge Ball correctly rejected this argument. R&R [14] at 7 (citing *Schlup*, 513 U.S. at 329).

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result. For the reasons stated, the Report and Recommendation [14] is adopted as the opinion of the Court. Habeas relief is denied; the Petition is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE